{¶ 58} I respectfully dissent from the majority's analysis and disposition of appellant's first assignment of error.
 {¶ 59} The majority, in its decision, holds that "the trial court did not err in finding the matter was resolved because of appellants' failure to object to the magistrate's decision."
 {¶ 60} The hearing before the Magistrate on July 7 and August 15, 2005, was to address whether or not appellants' Motion for a Preliminary Order of Possession should be granted. The Magistrate, in a May 21, 2007, decision, recommended that such motion be denied because there was not probable cause supporting the motion. Appellants did not file an objection to such decision.
 {¶ 61} The trial court, in its June 7, 2007, order, entered judgment on such decision and held that "the issue is res judicata in this case."
 {¶ 62} However, the only issue before the Magistrate was whether or not a preliminary order of possession should be granted. As noted by the court in Kreuzer v. Scott (March 8, 1995), Montgomery App. No. 14840,1995 WL 118168, "R.C. 2737.07(B) limited the court's consideration of the issues to those presented in the motion for preliminary possession, particularly the issue of probable cause, whether the petitioner was likely to prevail. A finding that he was not likely to prevail only permits denial of the motion for preliminary possession, not determination of the ultimate claims for relief." Id. at 2. I would find, therefore, that the trial court erred in holding that the Magistrate's decision was res judicata on the conversion and replevin claims. *Page 14 
 {¶ 63} I respectfully concur with the majority's analysis and disposition of appellants' second assignment of error.
 {¶ 64} With respect to appellants' third assignment of error, I respectfully concur in part and dissent in part. While I concur with the majority's analysis and disposition with respect to the repaid loans and accounts receivable, I dissent as to the majority's disposition with respect to "dominion and control financial aspects." As the majority notes in its Opinion, appellee Vision recovered 70.5% of its rents due from Paragon while appellant Dakota received only 13.9% of the equipment rental fee owed to it. I would find, on such basis, that there is a genuine issue of material fact on the breach of fiduciary duty claim. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed in part and reversed in part. The matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee Vision. *Page 1